## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. CHERYL McGEE, | ) |
| Plaintiff, | ) |
| v. | ) No. CIV-23-475-G |
| 1. RYAN WALTERS, in his official capacity as Superintendent of Public Instruction, and in his individual capacity, and | ) Civil Rights Action<br>) Arising in Oklahoma County |
| 2. MATT LANGSTON, in his official capacity as Chief Policy Advisor Administrative Services, and in his individual capacity, | ) |
| Defendants. | ) Jury Trial Demanded<br>) Attorney Lien Claimed |

### COMPLAINT

**COMES NOW THE PLAINTIFF**, and for her cause of action herein alleges and states as follows:

### PARTIES

1. The Plaintiff is Cheryl McGee, an adult female, who resides in Cleveland County, Oklahoma.

2. The Defendants are:

   A. Ryan Walters, Superintendent of Public Instruction for the State of Oklahoma, in both his official and in his individual capacity, and

   B. Matt Langston, Chief Policy Advisor Administrative Services for the Oklahoma Department of Education, both officially and in his individual capacity.

### JURISDICTION AND VENUE

3. Plaintiff's action is for wrongful and retaliatory termination in violation of the First Amendment to the United States Constitution which protects freedom of

1

speech, and also for a policy unlawfully chilling such First Amendment rights. Such claim is made actionable under 28 U.S.C. §§ 1331, 1343(a)(3).

4. All of the actions complained of herein occurred in Oklahoma County, Oklahoma, and each Defendant may be served in that county, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. The Plaintiff was employed by Oklahoma Department of Education working as Executive Director of School Based Mental Health from August of 2019 until her wrongful termination on May 25, 2023.

6. Ryan Walters is Superintendent of Public Instruction for the State of Oklahoma, and, in that capacity, he is the sole decision maker regarding the hiring and firing of employees in the Oklahoma Department of Education.

7. Matt Langston is the Chief Policy Advisor of Administrative Services for the Oklahoma Department of Education.

8. On May 25, 2023, Defendant Walters, acting under color of law, caused an email to be sent threatening all employees of the Oklahoma Department of Education with termination if any employee "leaked" internal documents to the press. The email closed by stating: "To recap, any employee found leaking information to the press will face immediate termination." Such email was prepared and signed by Matt Langston.

9. Matt Langston publicly stated that he prepared this email in a format so that he could trap employees who shared the above referenced email to the press or to other third parties.

10. There were two purposes for this email. The first was to intimidate and chill the First Amendment rights of employees. The second was to retaliate against employees who shared information about matters of public concern in the Department of Education with members of the press or outside officials.

11. On 5:13 p.m. on May 25, 2023, Walters terminated the Plaintiff's employment expressly for the reason that Ms. McGee has supposedly shared confidential information (the 'keep quiet') email with the press. The letter terminating Ms. McGee's employment read:

> We regret to inform you that your employment with the Oklahoma State Department of Education (OSDE) is being terminated immediately. This decisions has been made due to a breach of confidentiality by leaking internal agency emails to the media.
>
> Our medial policy clearly outlines employees should not engage with the media directly but instead redirect inquiries to the designated press secretary. Despite these clear guidelines and a prior email communication explicitly stating the leaking agency emails would result in termination, we have confirmed that you have violated these policies by disclosing internal agency emails to the press without authorization.

12. Ms. McGee's communication, actual or perceived, was not part of her official duties. To the contrary, such communications would be against the express directive of the Defendants and therefore were made as a citizen.

13. The Department of Education is a public, constitutional agency of the State of Oklahoma and is charged with advancing education of students in the State of Oklahoma. Given the nature and scope of the activities of the Department of Education, its activities are matters of public concern. Disclosing that Walters and Langston were attempting to preclude Department of Education employees from exercising their First Amendment rights is itself a matter of public concern.

14. There is no governmental interest outweighing Ms. McGee's First Amendment rights. No disruption, interruption or interference with the proper activities of the Department of Education occurred as a result of the claimed speech.

15. As set forth in the termination letter recited in Par. 11, the motivating factor for Ms. McGee's termination was her perceived speech.

16. The Defendants have claimed no other 'cause' for the Plaintiff's termination, and therefore the same result could not have been reached if unlawful retaliation had not been present.

17. In sending out the threatening email above described, both Walters and Langston were acting under color of state law in that the acts taken could not have been accomplished without use of their positions as state officials.

18. In terminating the Plaintiff, Mr. Walters was acting under color of state law in that Walters is the official vested with final decision making and final policy making for terminating employees.  Langston directly and personally participated in such termination by devising and setting up an email trap to find employees who disseminated information to persons outside the Department, and by personally threatening the termination of any employee who violated this policy.

## COUNT I

Plaintiff incorporates all prior allegations and further alleges:

19. This Count is directed to Defendants Walters and Langston in their official capacities only and it seeks only prospective declaratory and equitable relief.

20. The email described in Par. 8, above, was a direct threat which would chill employees from the exercise of their First Amendment rights.

21. Such action is an unlawful prior restraint on speech which, because it is overly broad and all-inclusive, facially would encompass speech protected by the First Amendment.

22. There is an actual and live controversy in that the Defendants assert the validity of their actions in threatening the employment of persons with the Department, and the Plaintiff disputes the legality or validity of such an order.

**WHEREFORE**, Plaintiff prays that this Court declare the May 25, 2023, emails an

unlawful and overly broad prior restraint on the First Amendment rights of the employees in the Department of Education and to prospectively enjoin such Defendants from future enforcement of the policies described therein.

## COUNT II

Plaintiff incorporates all prior allegations and further alleges:

23. This Count is directed towards Defendants Walters and Langston in their individual capacities only.

24. Plaintiff's termination was the direct result of supposedly violating Defendants' prohibition against sharing internal communications with members of the press.

25. At the direct result of the Defendants' actions, the Plaintiff lost her employment and is suffering on-going financial losses together with emotional distress for which she is entitled to monetary compensation.

26. Because the actions above described were willful, malicious or, at the least, in reckless disregard of the Plaintiff's federally protected rights, Plaintiff is entitled to an award of punitive damages against each Defendant.

**WHEREFORE,** Plaintiff prays that a judgment be entered against each Defendant, jointly and severally, for all of Plaintiff's actual damages, for punitive damages and that the Plaintiff be awarded her costs and fees.

**RESPECTFULLY SUBMITTED THIS 30TH DAY OF MAY, 2023.**

        HAMMONS, HURST & ASSOCIATES

        s/ Mark Hammons
        Mark Hammons, OBA No. 3784
        Amber L. Hurst, OBA No. 21231
        325 Dean A. McGee Avenue
        Oklahoma City, Oklahoma 73102
        Telephone: (405) 235-6100
        Facsimile: (405) 235-6111
        Email: katie@hammonslaw.com
        *Counsel for Plaintiff*

        Jury Trial Demanded
        Attorney Lien Claimed