UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

CHERYL McGEE,

*Plaintiff*,

vs.

RYAN WALTERS, *in his official capacity as Superintendent of Public Instruction and in his individual capacity*, and

MATT LANGSTON, *in his official capacity as Chief Policy Advisor, Administrative Services, and in his individual capacity*,

*Defendants*.

No. CIV-23-475-G

## MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendants Ryan Walters and Matt Langston, in their respective official capacities,[1] move this court to dismiss the above-captioned complaint for lack of standing and for failure to state a claim. Fed. R. Civ. P. 12(b)(1), 12(b)(6).

## ARGUMENT

### A.    Plaintiff lacks standing for Count I.

In order to have standing for a legal claim, a plaintiff must have (1) "an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Shields v. Pro. Bureau of Collections of Maryland, Inc.*, 55 F.4th 823, 827 (10th Cir. 2022) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

---

[1] Separate counsel represents their individual capacities. The term "Defendants" refers solely to their official capacities in this motion.

Standing is required by Article III of the Constitution, and the Tenth Circuit reviews standing as a motion under Rule (12)(b)(1). *See id.*

### 1.    Plaintiff lacks any injury or redressability for Count I.

Plaintiff cannot maintain Count I because she alleges no prospective injury to her. Plaintiff pleads that she was terminated. *See* Doc. 1, ¶ 11. Then, in Count I, Plaintiff asserts a facial challenge that Defendant Langston's email is chilling the speech of current employees. *See id.* ¶¶ 20-21. She then particularly pleads that the email is "threatening the employment of persons with the Department." *Id.* ¶ 22. Plaintiff is not a current employee. She faces no chilling of speech or threatened employment. Plaintiff attempts to assert the prospective rights of others without establishing a legal relationship to do so, and she therefore fails to plead any cognizable injury under Count I.

Plaintiff also cannot maintain Count I because she alleges no injury that can be redressed as to her. She seeks "only prospective declaratory and injunctive relief" against restraints on employee speech. *Id.* ¶¶ 19, 21. Such prospective relief would not apply to her because she is not an employee. *Id.* ¶ 11. Accordingly, she failed to plead any redressable injury to her under Count I.

Thus, this Court should dismiss Count I for lack of standing.

### 2.    Leave to amend would be futile because Defendants are otherwise immune from suit.

For any relief other than prospective relief, Plaintiff cannot maintain a constitutional claim against Defendants. Defendants cannot be sued under 42 U.S.C. § 1983 in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Assuming a cognizable state tort, Defendants also cannot be sued in their official capacities under the state

Government Tort Claims Act (GTCA) without proper notice. *See Harmon v. Cradduck*, 2012 OK 80, ¶ 28. Such notice would require a finding that the acts were done within the scope of employment. *See id.* at ¶ 19 n.20. Somewhat paradoxically, Plaintiff cannot maintain such a state law claim here because she is asserting individual liability for acts outside the scope of employment. *See id.* Count II. Not even the GTCA applies. Thus, Plaintiff's claim must be dismissed because she cannot address her asserted retrospective injuries in an official capacity suit.

**B.    Plaintiff's free speech argument fails to state a claim as a matter of law.**

Even assuming Plaintiff had standing, her claim also fails as a matter of law for two reasons: she has denied that she spoke or leaked, and the one document she mentions (without conceding she leaked it) does not involve matters of public concern.

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that, if true, 'state a claim to relief that is plausible on its face.'" *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1274 (10th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court "need not accept '[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

In considering a claim of a termination in violation of First Amendment rights, courts examine five factors:

> (1) whether the speech was made pursuant to an employee's official duties;
> (2) whether the speech was on a matter of public concern;
> (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests;
> (4) whether the protected speech was a motivating factor in the adverse employment action; and

(5) whether the defendant would have reached the same employment decision in the absence of the protected conduct.

*Dixon v. Kirkpatrick*, 553 F.3d 1294, 1302 (10th Cir. 2009). The first three issues are questions of law. *Id.*

### 1.   Plaintiff lacks a free speech claim because she denies she spoke.

At the outset, Plaintiff's claim fails because she does not assert any speech is at issue. She repeatedly indicates that she did not engage in any speech and that the accusations to that effect were false. For example, she pleads that she "supposedly" shared an email, Doc. 1, ¶ 11, that the communication was "perceived," *id.* ¶¶ 12, 15, and then passively pleads that disclosures could be First Amendment issues without pleading she made them, *id.* ¶ 14. If she does not plead that she made any speech, then she cannot meet any of the prongs of the Tenth Circuit's Pickering test. *See Dixon*, 553 F.3d at 1302.

This deficiency matters because Plaintiff's apparent argument, that her termination letter was false, is a state law claim and not a free speech claim. Upon termination, she had the opportunity to challenge the stated reason for her termination as false. 62 O.S. § 34.301. She failed to timely file any such state law challenge and chose to file this purported federal claim instead. But any injury she suffered from a false termination letter is a state tort injury, not a free speech injury.

Thus, by pleading that she did not speak, Plaintiff fails to state a free speech claim.[2]

---

[2] Upon initial investigation, the undersigned believes that the email cited in Doc. 1, ¶¶ 8, 13, was either leaked by Plaintiff or by another current SDE employee. If Defendant Langston incorrectly narrowed down to Plaintiff, then her denial would be correct, and her claim would not be a free speech claim. Thus, the truth or falsity of her denial is quite central to whether a state or federal claim is at issue. Because she is the Plaintiff, her allegations of fact are taken as true in a 12(b)(6) motion.

      **2.**     **The email Plaintiff passively cites is not a matter of public concern.**

Plaintiff makes two arguments that hypothetical leaks are a matter of public concern. Neither is legally sound.

First, she pleads that all matters that occur at a public agency are matters of public concern. Doc. 1, ¶ 13. The longstanding rule is that courts do not "presume that all matters which transpire within a government office are of public concern." *Connick v. Myers*, 461 U.S. 138, 149 (1983). Her pleading directly contravenes controlling authority, and she cannot state a claim based on a presumption that all matters at a public agency are of public concern.

Second, she pleads that an email from Defendant Langston was a matter of public concern. Doc. 1, ¶¶ 8, 13. Matters of public concern are "those of interest to the community, whether for social, political, or other reasons." *Lighton v. Univ. of Utah*, 209 F.3d 1213, 1224–25 (10th Cir. 2000) (quoting *Lytle,* 138 F.3d at 863). Courts consider "the motive of the speaker, and whether the speech is calculated to disclose misconduct merely deals with personal disputes and grievances unrelated to the public's interest." *Id.* at 1224.

Her pleading is incorrect because emails about employee handbook policies are human resources matters, not matters that affect any member of the public outside the agency. She pleads that she was fired for violating the agency's media policy, Doc. 1, ¶ 11, and that Defendant Langston's email threatened termination for violating agency policy, *id.* ¶ 8.  She offers the bare pleading that Langston's email was "preclud[ing] Department of Education employees from exercising their First Amendment rights." *Id.* ¶ 13. She fails to plead, though, that the media policy itself was a First Amendment violation or that that the email in question imposed any different obligations on her than the media policy. She does not explain why a

(fairly routine) agency policy of routing all communications to the media through the press team is a matter of public concern. She further does not plead that either Defendant violated anyone else's First Amendment rights.

At best, her argument is that Defendant Langston's tone regarding the media policy is a matter of public concern. No authority supports the proposition that the tone of the spokesperson in internal agency communication is a matter of public concern. Instead, a supervisor's tone is a core matter of personal grievance, not a matter of public concern.

The Court, however, need not reach this argument because Plaintiff denies that she shared that email. *See supra* Part B.1. Nevertheless, if Plaintiff were to concede that she did leak that particular email, it would not save her claim because Defendant Langston's tone regarding the media policy is not a matter of public concern.

## CONCLUSION

This Court should dismiss Count I for two independent reasons: either (1) because Plaintiff lacks standing to assert that claim and cannot amend to assert any cognizable injury, or (2) because Plaintiff's free speech claim fails as a matter of law.

Because dismissal of the only claim asserted against Defendants in their respective official capacities is proper, *see* Doc. 1 ¶ 23, the Court should fully dismiss Defendants in their respective official capacities from this case.

Respectfully Submitted,


s/ Bryan Cleveland
Bryan Cleveland, OBA #33860
General Counsel

Oklahoma State Department of Education
2500 North Lincoln Boulevard
Oklahoma City, OK 73105
(405) 522-2424
bryan.cleveland@sde.ok.gov

*Counsel for Defendants (Official Capacities)*