IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

**CHERYL McGEE,**

***Plaintiff,***

**v.**

**RYAN WALTERS, in his official capacity as Superintendent of Public Instruction and in his individual capacity,**

**and**

**MATT LANGSTON, in his official capacity as Chief Policy Advisor, Administrative Services, and in his individual capacity,**

***Defendants.***

Civil Action No. 5:23-00475-G

**DEFENDANTS RYAN WALTERS AND MATT LANGSTON'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Ryan Walters ("Walters") and Matt Langston ("Langston") (together, "Defendants") move to dismiss the claims asserted against them in their individual capacities[1] by Plaintiff Cheryl McGee ("McGee" or "Plaintiff") in Plaintiff's Original Complaint (ECF No. 1) ("Complaint").

[1] Separate counsel represents Walters and Langston in their official capacities. The term "Defendants" as used herein refers to solely to Walters and Langston in their individual capacities.

## I. INTRODUCTION

Plaintiff brought claims against Defendants premised upon her termination from her employment at the Oklahoma Department of Education ("ODE"). Plaintiff asserted claims against Defendants in both their official and individual capacities. This Motion to Dismiss is filed on behalf of Defendants in their individual capacities.

Defendants are entitled to qualified immunity with respect to Plaintiff's claims asserted against them in their individual capacities. Plaintiff must show that Defendants violated her constitutional or statutory rights, which were clearly established at the time of the Defendants' alleged unlawful conduct. Here, Plaintiff's claim fails because she has not alleged a violation of her constitutional rights.

For these and other reasons set out below, Defendants move the Court to dismiss the claim brought against them in their individual capacities in Plaintiff's Original Complaint.

## II. FACTUAL ALLEGATIONS

McGee was employed as the Executive Director of School Based Mental Health through the ODE from August 2019 until her employment was terminated on May 25, 2023. (Pl.'s Compl. ¶5). Walters is the Superintendent of Public Instruction for the State of Oklahoma. (Pl.'s Compl. ¶6). Langston is the Chief Policy Advisor for the ODE. (Pl.'s Compl. ¶7).

On May 25, 2023, Plaintiff alleges Langston sent e-mail correspondence directed to all employees of the ODE informing employees that leaking internal ODE documents would constitute grounds for immediate termination. (Pl.'s Compl. ¶8). On May 25, 2023,

after discovering that Plaintiff had shared confidential information with individuals outside the ODE—specifically, members of the media—Plaintiff alleges Walters terminated Plaintiff's employment. (Pl.'s Compl. ¶11).

Plaintiff asserts that due to the termination of her employment, she is "suffering on-going financial losses together with emotional distress." (Pl.'s Compl. ¶25).

## III. ARGUMENT AND AUTHORITIES

### A. Legal Standard

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that, if true, 'state a claim to relief that is plausible on its face.'" *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1274 (10th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court "need not accept '[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678)).

### B. Overview of Defendants' entitlement to qualified immunity.

Qualified immunity clearly protects government officials sued in their individual capacity from civil damage liabilities. *Taylor v. Grisham*, 544 F. Supp. 3d 1191, 1202 (D.N.M. 2021). Qualified immunity recognizes the "need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).

Qualified immunity shields public officials from facing the burdens of litigation and is an immunity from suit, not simply a defense to a plaintiff's claims. *Buck v. Rhoades*, 598 F. Supp. 3d 1181, 1195 (N.D. Okla. 2022), citing *Serna v. Colorado Dept. of Corrections*,

455 F.3d 1146, 1150 (10th Cir. 2006). Because qualified immunity is "an immunity from suit rather than a mere defense to liability…it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis deleted). The Supreme Court has determined that "resolving immunity questions at the earliest possible stage in litigation" is important. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam).

"When a defendant asserts a qualified immunity defense, the plaintiff bears the burden of showing that (1) the defendant violated a constitutional or statutory right, and (2) this right was clearly established at the time of the defendant's unlawful conduct. *Thompson v. Lengerich*, No. 22-1128, 2023 WL 2028961, at *2 (10th Cir. Feb. 16, 2023); *Cox v. Wilson*, 971 F.3d 1159, 1171 (10th Cir. 2020). The court may address these prongs in any order and may resolve a case on the second prong alone if the plaintiff fails to show a right was clearly established. *Id.*, citing *Gutierrez v. Cobos*, 841 F.3d 895, 900 (10th Cir. 2016).

"Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Frasier v. Evans*, 992 F.3d 1003, 1014 (10th Cir. 2021), citing *City of Escondido v. Emmons*, ––– U.S. ––––, 139 S. Ct. 500, 503, 202 L.Ed.2d 455 (2019) (per curiam). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would [have understood] that what he is doing violates that right.'" *Id.*, citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

To make such a showing within the Tenth Circuit, a "plaintiff must point to a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Callahan v. Unified Gov't of Wyandotte Cty.*, 806 F.3d 1022, 1027 (10th Cir. 2015). The precedent must establish the right in "the specific context of the case, not as a broad general proposition." *Frasier*, 992 F.3d at 1014.

**C. Defendants are entitled to qualified immunity.**

Defendants are entitled to the defense of qualified immunity because Plaintiff has failed to state a plausible claim for violation of any of her constitutional rights. Plaintiff alleges she was terminated from her employment at the ODE due to her supposed violation of the "prohibition against sharing internal communications with members of the press." (Pl.'s Compl. ¶24). However, Plaintiff's pleading fails to demonstrate a First Amendment violation because she does not allege engaging in any speech.

**1. Plaintiff does not allege engaging in any activity protected by the First Amendment, and, therefore, fails before reaching the *Pickering* test.**

The test for determining whether Plaintiff was denied her constitutional rights by being terminated for speaking on matters of public concern is the *Pickering* test. *See Dixon v. Kirkpatrick*, 553 F.3d 1294, 1301 (10th Cir. 2009). The test comprises five elements, called "prongs": (1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech

was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct. *Id*.

Plaintiff's pleading fails to allege any speech made by Plaintiff. Rather, she asserts only that she "supposedly shared confidential information," that her communication was "perceived," and further describes the communication as her "perceived speech." (Pl.'s Compl. ¶¶11, 12, 15). By failing to assert engaging in any speech or other action protected under the First Amendment, Plaintiff's claim fails before the *Pickering* test may even be reached. The *Pickering* test requires the identification of certain speech to analyze according to its five prongs; without such speech to analyze, Plaintiff's claim fails.

**2. Even if Plaintiff has pleaded engaging in speech, her claim still fails under the *Pickering* analysis.**

Because Plaintiff has not pleaded facts showing she was engaging in speech or any other action protected under the First Amendment, the Court need not reach the *Pickering* analysis. However, even if Plaintiff had pleaded that she shared the e-mail communication described in the Complaint, her communication did not pertain to a matter of public concern, which is the second element a claimant must establish under the *Pickering* test.

There is no presumption that "all matters which transpire in a government office are of public concern." *Connick v. Myers*, 461 U.S. 138, 149 (1983). Plaintiff's unsupported allegations that all "activities [of the ODE] are of public concern" stand in opposition to this legal precedent, and, therefore, cannot alone support a finding on the second prong in the *Pickering* test in support of Plaintiff's claim. (Pl.'s Compl. ¶13).

Additionally, Plaintiff's allegations that the e-mail correspondence from Langston in and of itself constituted a matter of public concern also falls short of establishing the second element in the *Pickering* test. Matters of public concern are "those of interest to the community, whether for social, political, or other reasons." *Lighton v. Univ. of Utah*, 209 F.3d 1213, 1224–25 (10th Cir. 2000) (internal citation omitted). Courts consider "the motive of the speaker, and whether the speech is calculated to disclose misconduct or merely deals with personal disputes and grievances unrelated to the public's interest." *Id*. at 1224.

Plaintiff alleges her employment was terminated due to her violation of the ODE's media policy. (Pl.'s Compl. ¶11). The e-mail correspondence from Langston of which Plaintiff complains provided clarification on the ODE's medial policy. (Pl.'s Compl. ¶8). The ODE's routine policies and procedures regarding employee behavior and performance are not of the type of matters that are of interest to the community. In other words, internal policies do not constitute matters of public concern. *See Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1205 (10th Cir. 2007) (noting that in the Tenth Circuit, the following are not matters of public concern: speech regarding grievances about internal department affairs, disputes over the term of employment, and workplace frustration).

**D. Plaintiff should be denied an opportunity to re-plead her claims.**

The trial court may deny leave to amend where amendment would be futile. *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997). Here, where Plaintiff has failed to show any action taken by her giving rise to a violation of her rights under the First Amendment and has instead filled her pleadings with inferences that she denies engaging

in any speech, any leave to amend would be futile. As such, Defendants urge the Court to dismiss Plaintiff's claims with prejudice with no opportunity to re-plead.

## IV. CONCLUSION

Plaintiff's claims asserted against Defendants in their individual capacities fail due to Defendants' entitlement to qualified immunity given Plaintiff's failure to demonstrate a constitutional violation of her rights by Defendants. Based on the foregoing, Defendants move the Court under Rule 12(b)(6) to dismiss with prejudice all claims that Plaintiff has asserted against them in their individual capacity in her Original Complaint (ECF No. 1) on the ground that Plaintiff has failed to state a claim for which relief may be granted.

Respectfully submitted,

*/s/ Scott M. McElhaney*
Timothy Davis
Texas State Bar No. 24086142
(*application to appear pro hac vice forthcoming*)
Alexandra M. Williams
Texas State Bar No. 24107297
(*application to appear pro hac vice forthcoming*)
**JACKSON WALKER L.L.P.**
2100 Main St., Suite 2100
Fort Worth, TX 76102
(817) 334-7270 (phone)
(817) 334-7290 (fax)
Email: tdavis@jw.com
Email: amwilliams@jw.com

Scott M. McElhaney
Texas State Bar No. 00784555
**JACKSON WALKER L.L.P.**
2323 Ross Ave., Ste. 600
Dallas, Texas 75201
(214) 953-6147 (phone)
(214) 661-6672 (fax)
Email: smcelhaney@jw.com

**COUNSEL FOR DEFENDANTS RYAN WALTERS AND MATT LANGSTON, in Their Individual Capacities**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2023, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

*/s/ Scott M. McElhaney*