IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHERYL McGEE,**<br><br>*Plaintiff*,<br><br>v.<br><br>**RYAN WALTERS, in his official capacity as Superintendent of Public Instruction and in his individual capacity,**<br><br>and<br><br>**MATT LANGSTON, in his official capacity as Chief Policy Advisor, Administrative Services, and in his individual capacity,**<br><br>*Defendants*. | Civil Action No. 5:23-00475-G |

### DEFENDANTS RYAN WALTERS AND MATT LANGSTON'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Ryan Walters ("Walters") and Matt Langston ("Langston") (together, "Defendants") file this Reply in Support of their Motion to Dismiss Plaintiff's Original Complaint (ECF No. 9) ("Motion") in which they moved the Court to dismiss the claims asserted against them in their

individual capacities[1] by Plaintiff Cheryl McGee ("McGee" or "Plaintiff") in her Original Complaint (ECF No. 1) ("Complaint").

## I. SUMMARY OF REPLY

In her Response to Defendants' Motion to Dismiss (ECF No. 13) ("Response"), Plaintiff asserts that the speech Defendants allegedly perceived Plaintiff to be making pertained to a matter of public concern because, according to Plaintiff, there was "wide-spread and intense news interest in Defendants' threats to fire employees who talked to the news media." (Response, pp.3-7). However, in her Response, Plaintiff discusses public concern regarding the Oklahoma Department of Education's ("ODE") policy regarding media communications, but not the communication she alleges she was terminated for supposedly having shared—an internal email with a reminder of internal policy.

As such, Plaintiff's arguments are not persuasive. Therefore, Defendants are entitled to qualified immunity given Plaintiff's failure to state a clear violation of her constitutional rights. Defendants re-urge the Court to dismiss the claim brought against them in their individual capacities in Plaintiff's Original Complaint.

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiff has failed to state a claim for a violation of her constitutional rights.

Plaintiff's Response seems to allege that she has leaked a specific internal policy. Specifically, in her Response, Plaintiff states "the disclosure of this policy is simply not a

---

[1] Separate counsel represents Walters and Langston in their official capacities. The term "Defendants" as used herein refers solely to Walters and Langston in their individual capacities.

matter of purely internal concern." (Response, p.5). However, in her Complaint, Plaintiff specifically alleges that she shared only an *e-mail about internal policy*. (Pl.'s Compl. ¶11). As such, Plaintiff's Response focusing on the level of public concern over *the policy itself* does not offer persuasive authority as to the analysis of such element.

### 1. Plaintiff has not alleged she was perceived to have leaked the policy itself.

In her Response, McGee asserts that her "perceived offense and the reason for her termination was disclosing a Department of Education "gag order" on its employees." (Response, p.6). Such assertion in Plaintiff's Response reveals the conflation of the issue central to the court's determination of whether Plaintiff has properly stated a claim. While Plaintiff's Complaint focuses on the communication reminding employees of the policy prohibiting leaking internal documents to the media, Plaintiff's Response attempts to distract from the matter central to the court's determination and focuses argument pertaining to "public concern" on the policy itself—which is not what Plaintiff alleges to have shared.

For instance, in page six of her Response, Plaintiff attempts to urge this Court that "[t]he public concern [is] heightened because the restraint is on future speech, rather than only punishment for past speech. Plaintiff is plainly discussing the media policy." (Response, p.6). However, the policy is not what Plaintiff has alleged she was perceived to have disclosed.

Rather, Plaintiff has alleged that her employment was terminated due to her violation of the ODE's media policy. (Pl.'s Compl. ¶11). Specifically, Plaintiff asserts she

was terminated for "supposedly shar[ing] confidential information (the 'keep quiet') email with the press." (Pl.'s Compl. ¶11). The e-mail correspondence from Langston of which Plaintiff complains provided clarification on the ODE's medial policy—which Plaintiff has not alleged is new or different than policy in previous years. (Pl.'s Compl. ¶8). As such, the "perceived communication" for which Plaintiff alleges she was terminated was only a reminder email about the policy—not the policy itself.

> **B.  An e-mail reminding employees of internal policy is not a matter of public concern.**

Plaintiff's perceived leaking of an email reminding employees about the ODE policy regarding communications with the media is nothing more than a standard intraoffice communication and hardly a matter of public concern. There is no presumption that "all matters which transpire in a government office are of public concern." *Connick v. Myers*, 461 U.S. 138, 149 (1983).

The Tenth Circuit narrowly interprets the term "public concern." *Rogers v. Riggs*, 71 F.4th 1256, 1259 (10th Cir. 2023), citing *Leverington v. City of Colo. Springs*, 643 F.3d 719, 727 (10th Cir. 2011); *Avant v. Doke*, No. CIV-20-067-RAW, 2023 WL 4778078, at *4 (E.D. Okla. July 26, 2023). Additionally, the element of public concern is typically a question of law. *Seifert v. Unified Gov't of Wyandotte Cty./Kansas City*, 779 F.3d 1141, 1151 (10th Cir. 2015).

Speech addressing "internal policies relevant only to department personnel" does not pertain to matters of public concern. *Conaway v. Smith*, 853 F.2d 789, 796 (10th Cir. 1988). Further, internal departmental issues fall outside the realm of public concern.

*Marino v. Cnty. of Sierra*, No. CV 12-0597 GBW/WPL, 2013 WL 12329089, at *5 (D.N.M. Nov. 22, 2013). The e-mail Plaintiff alleges that Defendants thought she shared, for which she contends she was terminated, pertained solely to internal departmental issues at the ODE.

In contending to the contrary, Plaintiff invites this Court to adopt the conclusion that any ordinary department communication—even a simple reminder about internal policy—is a matter of public concern simply because the office in question (here, the ODE) has been the subject of recent news coverage. (*See* Response, p.5). The e-mail correspondence in question was nothing more than a reminder about compliance with department policy. It is difficult to envision a more routine intraoffice communication.

Tenth Circuit precedent does not allow Plaintiff to transform all communications about the ODE to matters of public concern—particularly those communications containing only reminders of internal policy. As such, Plaintiff fails to state a claim for a clear violation of her constitutional rights.

## IV.    CONCLUSION

Plaintiff's claims asserted against Defendants in their individual capacities fail due to Defendants' entitlement to qualified immunity given Plaintiff's failure to demonstrate a clear violation of her constitutional rights by Defendants. Because Plaintiff cannot show that her perceived communication about an e-mail reminding employees of internal policies regarding communications with the media pertained to a matter of public concern, Plaintiff cannot show a violation of her constitutional rights. As such, Defendants are

entitled to qualified immunity and Plaintiff's claim against Defendants in their individual capacities should be dismissed.

Respectfully submitted,

*/s/Scott M. McElhaney*
Timothy Davis
Texas State Bar No. 24086142
(*application to appear pro hac vice forthcoming*)
Alexandra M. Williams
Texas State Bar No. 24107297
(*application to appear pro hac vice forthcoming*)
**JACKSON WALKER L.L.P.**
2100 Main St., Suite 2100
Fort Worth, TX 76102
(817) 334-7270 (phone)
(817) 334-7290 (fax)
Email: tdavis@jw.com
Email: amwilliams@jw.com

Scott M. McElhaney
Texas State Bar No. 00784555
**JACKSON WALKER L.L.P.**
2323 Ross Ave., Ste. 600
Dallas, Texas 75201
(214) 953-6147 (phone)
(214) 661-6672 (fax)
Email: smcelhaney@jw.com

**COUNSEL FOR DEFENDANTS RYAN WALTERS AND MATT LANGSTON, in Their Individual Capacities**

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2023, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

/s/Scott M. McElhaney