**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. CHERYL McGEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-23-475-G |
| | ) | |
| 1. RYAN WALTERS, | ) | |
| in his individual capacity, and | ) | |
| | ) | |
| 2. MATT LANGSTON, | ) | |
| in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL ANSWERS TO DISCOVERY
AND PRODUCTION OF DOCUMENTS**

**COMES NOW THE PLAINTIFF,** and moves this Court to compel the Defendants to provide full, complete and non-evasive answers to Plaintiff's discovery requests and shows this Court as follows:

1.    Plaintiff issued her opening discovery on or about October 8, 2024.

2.    Defendants responded to such discovery on or about November 18, 2024.  Ex 1 (Plaintiff's requests and Defendants' responses).

3.    Defendants raised objections based on the purported dichotomy between their official and individual capacities claiming they could not be required to answers questions about their "official" acts.

4.    The parties conducted a 37.1 conference on December 17, 2024, addressing Defendant's objections based on the claim that he was not required to answered questions directed towards his "official actions." No agreement was reached on this issue.

1

5.     The parties conducted an additional 37.1 conference on December 27, 2024, to attempt to resolve the objections based on undue burden and overbreadth. Defendant's only explanation for its claim of undue burden or overbreadth was the assertion that it had not completed discovery. Defendant also sought to assert a qualified immunity defense against answering. Defendant would not agree to provide any facts and therefore no resolution was possible.

6.     Because the parties were not capable of reaching an agreement, this motion to compel is necessary.

## ARGUMENT AND AUTHORITY

The federal rules are designed "to secure the just, speedy and inexpensive" resolution of controversies. Fed.R.Civ.P. 1. As part of that, the federal rules are intended to "avoid surprise, not foment it" and "to replace 'the old sporting theory of justice' with a policy of 'putting the cards on the table'". *Wilson v. Muckala*, 303 F.3d 1207, 1216 (10th Cir. 2002) (addressing Fed.R.Civ.P. 16) (Quoting *Clark v. Pennsylvania R.R. Co.*, 328 F.2d 591, 594 (2nd Cir. 1964)).

Consistent with these considerations, in responding to discovery "the parties. . . have a duty to provide true, explicit, responsive, complete and candid answers". *Chubb Integrated Systems v. Nt'l Bank of Wash.*, 103 F.R.D. 52, 61 (D.D.C.1984). "[N]arrowing the issues and eliminating surprise are goals of discovery." *Hernandez v. George*, 793 F.2d 264, 267 (10th Cir.1986). This requires explicit, non-evasive answers. *See Miller v. Doctor's General Hospital*, 76 F.R.D. 136, 140 (W.D. Okla.1977) (internal citations omitted):

> . . .In the interest of narrowing the issues and ascertaining the facts relevant thereto, the Court should not permit answers. . . that are incomplete, inexplicit and unresponsive [therefore] answers. . . must be responsive, full, complete

and unevasive. . .

Indeed, under the discovery rules and for purposes of compelling discovery "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer or respond."  Rule 37(e), Fed.R.Civ.P.

With these standards in mind, Plaintiff would advise this Court that Defendant has not claimed that any of Plaintiff's requests seek irrelevant information.   Therefore, each objection must be considered in light that Defendant's objections are to producing information which it concedes are relevant to the claims in this case.

### 1. - THE OFFICIAL CAPACITY/ INDIVIDUAL CAPACITY OBJECTIONS

In response to each of Plaintiff's requests for admission, and to Interrogatories 1 through 7, 13 and 14, Defendant Walters raised the same objection:

> Defendant objects to this request because it seeks information regarding the official operations of the Oklahoma State Department of Education but was directed to Defendant [Walters] in his individual capacity.

Ex 1, p. 1-4.

This objection is nonsensical.

Plaintiff's claims and Walters' liability arise out of Walters' conduct in misusing his official authority to violate Plaintiff's rights.  All 1983 action arise out official conduct:

> Section 1983 was enacted 'to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.' *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). 'The obvious purpose of . . . § 1983 was to provide a remedy to parties deprived of constitutional rights by a state official's abuse of his position while acting under color of state law.' *D.T. by M.T. v. Independent Sch. Dist. No. 16*, 894 F.2d 1176, 1187 (10th Cir.), *cert. denied*, 498 U.S. 879 (1990).

*Haines v. Fisher*, 82 F.3d 1503, 1508 (10th Cir. 1996).

Indeed, it is necessary to show an official action taken under color of law to state a

claim:

> . . . 'The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."' *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). At the same time, however, the Supreme Court has made clear that even the 'misuse of power' possessed by virtue of state law is action taken 'under color of state law.' *Classic*, 313 U.S. at 326. Thus, 'under "color" of law' means 'under "pretense" of law,' and 'acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority *or overstep it.*' *Screws v. United States*, 325 U.S. 91, 111 (1945) (plurality opinion) (emphasis added); *accord id.* at 115-16 (Rutledge, J., concurring in the result). . .

*Dossett v. First State Bank,* 399 F.3d 940, 949 (8th Cir. 2005).

Thus, an individual capacity suit is still based on official acts. The difference between "official capacity" and "individual capacity" merely refers whether the government actor is being held liable or whether his government employer is liable. That Walters is being sued for his improper, but official, acts, offers no basis for refusing to have Walters answer questions about what he did and why he did it. Walters, as an individual, has knowledge of what he did as an official. To the contrary, "'the public . . . has a right to every man's evidence,' except for those persons protected by a constitutional, common-law, or statutory privilege". *United States v. Nixon*, 418 U.S. 683, 709 (1974) (quoting *Branzburg v. Hayes*, 408 U.S. 665, 688 (1972), in turn quoting *United States v. Bryan*, 339 U.S. 323, 331 (1950)).

Walters' objection does not claim any form of privilege nor any evidentiary exception from requiring him to answer questions about what he did and how he exercised the powers accompanying his position.

Ultimately, Defendant's counsel conceded during the first 37.1 conference, held on December 17, 2024, that there was no privilege protecting against giving answers. Rather, Defendant's counsel raised the argument that qualified immunity protected Walters from

having to respond to discovery. Walters cited to ***Workman v. Jordan***, 958 F.2d 332, 336 (10th Cir. 1992), however ***Workman*** merely stated that "[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." That determination has been made.

Walters moved this Court to dismiss Plaintiff's claim based on qualified immunity. Dkt # 9, Mt to Dismiss, Prop. III(B), (C), p. 3-7.  Court rejected that claim holding that:

> ... [F]rom the authorities cited above it is clear that this First Amendment right was clearly established at the time of Plaintiff's termination in May 2023...

Order, 2(c), Dkt # 32, p. 13.  See, generally, Dkt #, 32, p. 10-13 & fn 2.

Defendant did not appeal that Order.  Rather, Defendant participated in a status and scheduling conference and agreed to a "Joint Status Report And Discovery Plan" which contained no limitations on discovery.  Dkt # 43, ¶ 8 (PLAN FOR DISCOVERY), p. 6-7. Further, Defendant's response to the discovery does not even mention qualified immunity as a basis for failing to answer discovery, and therefore waived that objection. ***See Knowlton v. Teltrust Phones, Inc.,*** 189 F.3d 1177, 1181 n. 5 (10th Cir.1999) (emphasis supplied):

> Rule 33(b)(3) states that the 'party upon whom the interrogatories have been served shall serve a copy of the answers and objections if any, within 30 days after the service of the interrogatories.'  Rule 33(b)(4) further provides: '*Any ground [for objection] not stated in a timely objection is waived*. . . .'  Rule 34(b) similarly provides: 'The party upon whom the request [for production of documents] is served shall serve a written response wtthin 30 days after the service of the request.'

**WHEREFORE**, Defendant has no basis to delay discovery and Plaintiff's motion to compel must be granted.

## II. - THE OBJECTIONS BASED ON BURDEN AND BREADTH

The Plaintiff issued interrogatories designed to find out the factual basis for Walters' claimed affirmative defenses.  Ex 1, Int. No's 8 through 11, p. 4-5.  Walters raised the same

objection for each request:

> Defendant objects to the request as overbroad and burdensome as stated. Without waiving the foregoing objection, Defendant reserves the right to supplement the response as discovery progresses.

Ex 1, p. 4-5.

Defendant did not provide even a partial factual response to any of these requests.

First of all, "the burden of proving an affirmative defense falls on the party asserting the affirmative defense." ***Hooks v. Ward***, 184 F.3d 1206, 1217 n. 6 (10th Cir. 1999). Thus, Plaintiff is only asking for information which Walters will *have to provide* unless he abandons the defense. Indeed, Rule 11 requires *some* existing factual basis for asserting the defense at the time it is pled:

> Rule 11, Fed.R.C.P., also addresses pleading standards. Rule 11 states that by presenting to the court a pleading, the attorney certifies, among other things, that 'to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.' Rule 11(b)(3), Fed.R.Civ.P. Rule 11 applies equally to all pleadings, whether filed by plaintiffs or defendants. Here, neither the answer, nor defendant's response brief, articulate a factual basis for the challenged defenses. Nor does the defendant advise that the challenged defenses will likely have evidentiary support after further investigation or discovery. . .

Ex 2, ***Leonzetta Williams v. Encore Healthcare, LLC***, Case. No. CIV-12-0906-F, slip op. at 2-3 (W.D. Okla. Dec. 13, 2012).

Walters should be required to disclose those facts he has and identify the facts he expects to find.

Nor can an unsupported claim of undue burden or overbreadth excuse discovery of a defendant's own claims:

> On opposing discovery on the grounds of over-breadth, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.

6

*Super Film of Am., Inc. v. UCB Films, Inc*., 219 F.R.D. 649, 651 (D.Kan. 2004). 'This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents.' *Id*. (quoting *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc*., 209 F.R.D. 208, 213 (D.Kan. 2002)). Thus, an objecting party cannot sustain this burden with boilerplate claims that the requested discovery is oppressive, burdensome or harassing. *See St. Paul Reinsurance Company, Ltd. v. Commercial Financial Corp*., 198 F.R.D. 508, 511-13 (N.D.Iowa 2000).

*Osuagwu v. Gila Reg'l Med. Ctr*., No. 11-0001 MV/DJS, 2011 U.S. Dist. LEXIS 175424, at *14 (D.N.M. Dec. 2, 2011).

The same standard governs claims of undue burden:

A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request. *Sonnino v. Univ. Kan. Hosp. Auth*., 220 F.R.D. 633, 653 (D. Kan. 2004); *see Klesch & Co. Ltd. v. Liberty Media Corp*., 217 F.R.D. 517, 524 (D. Colo. 2003) (objecting party cannot sustain burden with boilerplate claims that requested discovery is burdensome); *McCoy v. Whirlpool Corp*., 214 F.R.D. 642, 646 (D. Kan. 2003) (overruling objection of undue burden based in part on lack of affidavit or other proof).

*Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004)

Walters has offered no evidentiary support for these objections, and such objections simply do not apply when, as here, the discovery simply asks a party to provide the evidence supporting a claim on which it has the burden of proof. As stated by Judge Cauthron, "requiring a party to specify the facts underlying a claim on which a party has the burden of proof is not overbroad or unduly burdensome." *Bankston v. Conocophillips Pipeline Co.*, No. CIV-07-106-C, slip op at 3 fn 2 (W.D. Okla. May 3, 2007) (Ex 3).

Although Walters objected that he had not yet conducted discovery such that it was premature to have him answer now, that is not the legal standard. A party is not entitled to defer discovery until it has completed its own discovery. *See Barker v. Bledsoe*, 85 F.R.D. 545, 548 (W.D. Okla.1979) (response that counsel is "still investigating" is insufficient):

. . .Counsel misperceives the function and purpose of answers to

interrogatories. Under the Federal Rules discovery is an on-going process. [A party] must answer [his opponent's] interrogatories to the best of his ability within thirty days. . . No party may, however, simply delay answering interrogatories until the day or the month before trial, when all facts are known and theories finalized, before informing opposing counsel of the theory of the case. . .

*Cf. Arbuckle Wilderness, Inc. v. KFOR-TV, Inc.,* 149 F.R.D. 209, 212 (W.D. Okla.1993) (Alley, J.).

At the second 37.1 conference, held on December 27, 2024, Defendant asserted that its position in its motion to dismiss was its position on the affidavit defenses. As Plaintiff explained, the motion to dismiss is a statement of legal argument and not facts. In any event, "answers to interrogatories should be complete in and of themselves, and should not refer to pleadings, depositions, or other documents." *Copeland v. City of Lawton*, No. CIV-18-558-PRW, 2019 U.S. Dist. LEXIS 147375, at *3 (W.D. Okla. Aug. 29, 2019) (Quoting *Dipietro v. Jefferson Bank*, 144 F.R.D. 279, 282 (E.D. Pa. 1992)). Here, however, the Defendant's objections do not reference the motion to dismiss nor do they attempt to incorporate any portion of the motion.

Also at the second 37.1 conference, held on December 27, 2024, Defendant argued that its protected from giving answers based on qualified immunity. Since Defendant has the burden of proof on its affirmative defenses it would have ostensibly waived any protection by voluntarily putting those matters at issue. Again, this argument must fail for the reasons explained in Prop. I, pg 4-5, *supra*, explaining that qualified immunity is not a protection against discovery when the motion raising that claim was denied and no appeal was taken. Indeed, as point out above, Defendant went further and entered into a standard discovery plan without asking for any restrictions based on the qualified immunity defense.

**WHEREFORE**, the objections to Interrogatories 8-11 should be overruled and

Walters should be ordered to provide a full and complete answer.

### III. - OBJECTIONS TO THE REQUESTS FOR PRODUCTION

Plaintiff submitted 16 requests for production of documents. Ex 1, p. 5-9. Walters does not object to any documents on the basis of relevancy or privilege, but objected that:

> Defendant objects to this request because it seeks documents and information in the sole possession, custody, or control of the Oklahoma State Department of Education.

Ex 1, Requests 1-16, p. 5-9.

Walters has not produced *any* documents to this point. In his response to Requests No's 7-10, Walters claimed that "all relevant documents have been produced by Defendant or the Oklahoma Department of Education in their motions to dismiss." Ex 1, Response to Req. Prod. 7-10, p. 6-9. This claim is inexplicable as no documents were attached to the motions to dismiss or the replies supporting those motions. See Dkt # 7, 9, 18 and 19 (motions to dismiss the official and individual capacity claims and the respective replies in support of such motions).

In addition to failing to produce any documents, Walters failed to identify whether documents are being withheld due to the objections. See Fed.R.Civ.P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.")

> Fed. R. Civ. P. 34(b)(2)(C) is intended to
>
> end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections. The producing party does not need to provide a detailed description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection. . .

***Rowan v. Sunflower Elec. Power Corp.***, No. 15-CV-9227-JWL-TJJ, 2016 U.S. Dist. LEXIS

91109, 2016 WL 3743102, at *5 (D. Kan. July 13, 2016).

Ryan Walters is the Superintendent of Public Instruction and the head of the Oklahoma State Department of Education. As such, he has immediate control over all of the documents sought in Plaintiff's requests for production.

> Under Fed. R. Civ. P. 34(a), a party may be required to produce relevant documents and tangible things that are within its 'possession, custody or control.' 'Control comprehends not only possession but also the right, authority, or ability to obtain the documents.' Therefore, Rule 34(a) enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party if such party has retained 'any right or ability to influence the person in whose possession the documents lie.'

***Super Film of Am., Inc. v. UCB Films, Inc***., 219 F.R.D. 649, 651 (D. Kan. 2004).

Clearly, Walters has the ability to produce the documents which Plaintiff has requested as he controls the very department which he claims possesses those documents. In this regard, Walters' objection is mere gamesmanship which should not be permitted.

Walters also objected to Request No's 8-11 which sought production of documents which were a material basis for Affirmative Defenses 6, 7 and 8. Dkt # 40, p. 5. Walters objected that these "request[s] [were] overbroad and burdensome". As with the same objection to interrogatories, Walters failed to provide any evidentiary basis for the objections. *See* ***Waddell & Reed.***, 222 F.R.D., at 454 and ***Osuagwu***, 2011 U.S. Dist. LEXIS 175424, at *14, quoted in Prop. II. To repeat Judge Cauthron, "requiring a party to specify the facts underlying a claim on which a party has the burden of proof is not overbroad or unduly burdensome." ***Bankston***, slip op at 3 fn 2.

Walters objected to Req. Prod. No. 14 on this same basis, but Plaintiff's request is only for copies of documents Defendant obtained for use in the action.

Finally, in response to Req. Prod. No. 16, Defendant objected only that the Plaintiff's use of the word 'thing' is vague and overbroad. Objections based on ambiguity are not

10

favored particularly when the term an ordinary English word.

The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity. A party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in [discovery].

*Swackhammer v. Sprint Corp*. PCS, 225 F.R.D. 658, 662 (D. Kan., 2004) (footnotes and quotation marks omitted). Moreover, an objection will not be sustained when the ambiguity "could easily have been resolved by the [defendant] conferring with Plaintiff." *Beach v. City of Olathe, Kn,* 203 F.R.D. 489, 497 (D. Kan. 2001). Defendant's counsel made no effort to resolve any 'ambiguity' before failing to comply with the request.

**WHEREFORE,** Defendant's objections to the requests for production should be overruled and Defendant directed to provide all responsive documents.

## CONCLUSION

Defendant's objections to Plaintiff's discovery must be overruled and Defendant should be ordered to fully respond to the Plaintiff's discovery requests.

**RESPECTFULLY SUBMITTED THIS 27th DAY OF DECEMBER, 2024.**

HAMMONS, HURST & ASSOCIATES

s/ Mark Hammons
Mark Hammons, OBA No. 3784
Amber L. Hurst, OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: assistant@hammonslaw.com
*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

A true copy of the foregoing was filed and served by use of this Court's ECF system of filing and service on Defendants' counsel below listed on 27th day of December, 2024:

Timothy Davis, TX State Bar 24086142
Alexandra M. Williams, TX State Bar 24107297
Trevor Paul, TX State Bar 24133388
JACKSON WALKER L.L.P.
777 Main St., Suite 2100
Fort Worth, TX 76102
Phone: 817-334-7270
Facsimile: 817-334-7290
tdavis@jw.com
amwilliams@jw.com
tpaul@jw.com
*Attorneys for Defendants in their individual capacities*

s/ Mark Hammons_____