IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

WILLIAM BANKSTON, )
 )
        Plaintiff, )
 )
vs. ) Case Number CIV-07-106-C
 )
CONOCOPHILLIPS PIPELINE CO., )
A foreign corporation, )
 )
        Defendant. )

## ORDER

Plaintiff has filed a Motion to Compel[1] requesting that Defendants be required to supplement its responses to Interrogatories 1(C) and (D) and 2. Those Interrogatories state:

> Int. No. 1 Set out fully each "reason for termination" (as defined above) of the Plaintiff including the dates, places, and material circumstances making up each reason. As to each fact, factor, or consideration, separately for each:

\* \* \*

>     C.    Set out as closely to verbatim as possible each "communication" (as defined above) which materially relates to each "reason for termination" (as defined above) giving the dates of each communication, the manner of each communication (as defined above) and identifying (as defined above) the parties to each communication.

>     D.    Set out as closely to verbatim as possible each "communication" (as defined above) which materially relates to the decisional process leading to an [sic] including the Plaintiff's termination giving the dates, manner of each communication (as defined

---

[1] The Court notes that as permitted by LCvR 7.1(i) Plaintiff has filed a Reply brief. However, that brief exceeds the page limitation set forth by the rule. Accordingly, the Court has disregarded those sections of the brief that exceed the page limitation.


PLAINTIFF'S EXHIBIT 3

above) and identifying (as defined above) the parties to each communication.

Int. No. 2: Set out each material fact (including relevant dates and locations of acts or omissions) which Defendant intends to establish in support of any affirmative defense. Separately for each such fact:

    A.    Identify (as defined above) those persons having personal knowledge of each fact.

    B.    Identify each document including electronically stored information which materially tends to prove or disprove such fact.

(Dkt. No. 31, p. 3). Defendant objected to Interrogatory 1(C) and (D), arguing it was overbroad and unduly burdensome to expect a "verbatim" response from an event that occurred 12-18 months ago. Defendant objected to Interrogatory 2, asserting it sought mental impressions, legal theories and/or conclusions of counsel.

Defendant's objection to Interrogatory 1(C) and (D) is overruled. The Interrogatory does not require a verbatim recitation but requests only that the recitation be as close as possible to verbatim. Certainly, given the subject matter of the Interrogatory, Defendant should be able to easily provide a response. Indeed, in its answer to Plaintiff's state court Petition, Defendant offered denials which were clearly based on some recollection of the events surrounding Plaintiff's termination. Defendant will be required to amplify those facts as requested by Plaintiff. Further, the Interrogatory also can be read to seek written information; clearly, producing those records cannot be unduly burdensome.

Defendant's objection to Interrogatory 2 is also overruled. As noted above, in Defendant's response to the Interrogatory, it raised solely an issue of work product; however,

in response to the Motion to Compel, Defendant argues the Interrogatory is overbroad. Defendant failure to raise the overbroad objection when responding to Plaintiff waives the objection. See Fed. R. Civ. P. 33(b)(4) ("All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.").[2] Additionally, Defendant has failed to offer any argument or authority demonstrating that facts supporting an affirmative defense are protected by the work product doctrine. Indeed, such a position would negate the ability to conduct any meaningful discovery by either party in a case.

As set forth more fully herein, Plaintiff's Motion to Compel (Dkt. No. 31) is GRANTED. Defendant shall provide proper answers to Interrogatories 1(C) and (D) and 2 within 15 days of the date of this Order.

IT IS SO ORDERED this 10th day of September, 2007.

ROBIN J. CAUTHRON
United States District Judge

---

[2] Even had Defendant timely raised this objection it would have been overruled, as requiring a party to specify the facts underlying a claim on which a party has the burden of proof is not overbroad or unduly burdensome.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LEONZETTA WILLIAMS,                )
                                   )
       Plaintiff,                  )
                                   )
vs.                                )   Case No. CIV-12-0906-F
                                   )
ENCORE HEALTHCARE, LLC, d/b/a      )
MIDWEST CITY NURSING CENTER,       )
                                   )
       Defendant.                  )

## ORDER

Plaintiff's Motion to Strike Affirmative Defenses is before the court. Doc. no. 13. The briefing is complete.

Plaintiff urges the court to join what plaintiff characterizes as the majority view, and conclude that pleading standards announced in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), apply to affirmative defenses. Based on those standards, plaintiff seeks dismissal of four defenses characterized in the answer as "affirmative defenses." (The answer includes eleven affirmative defenses.) The four challenged defenses are: 1) that plaintiff was an at-will employee, doc. no. 8, ¶ 31; 2) that plaintiff failed to exhaust her administrative remedies for some of her claims, ¶33; 3) that the defendant follows policies designed to eliminate discrimination and retaliation in the workplace and that plaintiff failed to take advantage of these policies (the Faraghar/Ellerth defense), ¶38; and 4) that defendant reserves the right to amend the answer to include later-identified affirmative defenses, ¶ 40.

Although Twombly and Iqbal address concerns about the burdens which a vague complaint places upon a defendant, many of the same concerns apply with

equal force to the burdens which a vague affirmative defense places on a plaintiff. As other courts have observed:

> Boilerplate affirmative defenses that provide little or no factual support can have the same detrimental effect on the cost of litigation as poorly worded complaints. Therefore, both complaints and affirmative defenses should provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of the possibility that it may apply to the case.

HCRI TRS Acquirer, LLC v. Iwer, 708 F.Supp.2d 687, 691 (N.D. Ohio 2010), citations and quotations omitted. Surely an answer which appears to consist of a laundry list of all possible affirmative defenses a defendant can dream up, cannot be what Rule 12(b), which governs the presentation of defenses, contemplates.

Rule 11, Fed. R. Civ. P., also addresses pleading standards. Rule 11 states that by presenting to the court a pleading, the attorney certifies, among other things, that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances...the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Rule 11(b)(3), Fed. R. Civ. P. Rule 11 applies equally to all pleadings, whether filed by plaintiffs or defendants. Here, neither the answer, nor defendant's response brief, articulate a factual basis for the challenged defenses.[1] Nor does the defendant advise that the

---

[1] The court is, for three reasons, unimpressed with the defendant's generalized assertion (doc. no. 16 at 5 - 6) that defendants are at a disadvantage because they often do not know all the facts they need to know when they are required to file an answer to a complaint. First, to the contrary, defendants very often have *superior* knowledge of the facts, especially facts relevant to affirmative defenses. Secondly, the Rule 15(a) requirement that the court "freely give leave" to amend applies as fully to answers as to complaints. Newly discovered defenses, supported by newly discovered facts, can be asserted in an amended answer. Third (and perhaps this should be listed first), if the pleader does not have good reason to believe that the necessary facts exist, a defense

(continued...)

challenged defenses will likely have evidentiary support after further investigation or discovery. The short of the matter is that the cut and paste function of word processing software is not a substitute for the professional judgment required in the preparation of a pleading, whether it be a complaint or an answer.

With the fundamental considerations set out above as guidance, the undersigned concludes that the pleading standards set out in Twombly and Iqbal govern affirmative defenses. With that determination made, the court turns to the particulars of the motion to strike. Rule 12(f) provides that a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Because striking a pleading is a drastic measure and may often be brought as a dilatory tactic, motions to strike under Rule 12(f) are generally disfavored. Kendall State Bank v. West Point Underwriters LLC, 2012 WL 3890264 at *1-2 (D. Kan. 2012).

In this case, the question is whether any of the challenged affirmative defenses should be stricken as insufficient under Rule 12(f). As stated, the court, in determining whether the defenses are "insufficient," applies the standards set out in Twombly and Iqbal. See, International Business Machines Corp. v. Comdisco, Inc., 834 F.Supp. 264, 266 (N.D. Ill. 1993) ("Affirmative defense[s] are tested under a standard identical to Rule 12(b)(6)"). The inquiry is whether the four challenged affirmative defenses contain enough facts to state a defense that is plausible on its face. In other words, does the affirmative defense give the court reason to believe that

---

[1](...continued)
predicated on those facts should either not be pled or should be accompanied by a specific averment, required by Rule 11 (b)(3), that the pleader anticipates that there will be evidentiary support after a reasonable opportunity for investigation or discovery. In this respect, the comparison between subdivisions (b)(3) and (b)(4) of Rule 11 is instructive. Subdivision (b)(4) expressly allows a defendant to deny plaintiff's factual contentions based on "a lack of information." In contrast, subdivision (b)(3) provides no such license with respect to affirmative factual contentions.

-3-

the defendant has a reasonable likelihood of mustering factual support for it? The court assumes the truth of the well-pleaded factual allegations and views them in the light most favorable to the defendant. Pleadings which are no more than legal conclusions, however, are not entitled to the assumption of truth.

    1.   At-will employee. This action alleges disability discrimination and retaliation in plaintiff's employment, in violation of statutory anti-discrimination laws. An at-will employment relationship is not a defense to this type of action. *See*, Donna Taylor v. Dolgencorp, LLC, CIV-12-0779-C, September 28, 2012, Order, attached to plaintiff's reply brief, doc. no. 17-1, p.3 (gender discrimination and retaliation case; Judge Cauthron declined to hold that affirmative defenses are subject to Twombly standards; nevertheless, Judge Cauthron granted a motion to strike an affirmative defense which alleged that plaintiff was an at-will employee because at-will employment was not a defense to the type of discrimination claim alleged in that action). The at-will employee affirmative defense will be stricken as legally insufficient.

    2.   Failure to exhaust administrative remedies. This affirmative defense provides no facts to suggest that it is anything other than boilerplate. Defendant's response brief, however, states that this affirmative defense is alleged because the complaint is broader than the information set forth in plaintiff's EEOC charge. The response brief provides no specifics. As it stands, this affirmative defense fails to give the plaintiff adequate notice of which claims plaintiff purportedly failed to exhaust, a lack of information about which plaintiff vigorously complains. The court finds this defense legally insufficient, as currently alleged.

In these circumstances it is appropriate to give leave to the defendant to file, if it choose to do so, a (late) amended answer which alleges additional factual detail in support of this particular affirmative defense. Except for the deletion of the other

affirmative defenses stricken by this order, no other changes to the answer are permitted. If no amended answer is filed within seven days of the date of this order, this affirmative defense will, at that time, be deemed stricken without need of further order from the court.

3. <u>The Faragher/Ellerth defense</u>. Plaintiff challenges the sufficiency of this defense, arguing that it only applies to hostile work environment claims, and then, only to such claims that do not result in a tangible employment action. Plaintiff states that no hostile work environment claim is alleged in this action. Defendant's brief challenges none of these arguments. Rather, defendant states that it does not want to waive this defense at this early stage because defendant does not yet have all of the factual background concerning plaintiff's allegations and claims. Defendant also states that if it becomes clear this defense is not relevant, defendant will not pursue it. Defendant's position amounts to a request to reserve a defense to a hypothetical claim. This defense will be stricken as legally insufficient.

4. <u>Right to Add Affirmative Defenses</u>. The last affirmative defense challenged by the motion is a statement by the defendant that it reserves the right to amend its answer to include additional affirmative defenses as discovery progresses. A defendant's ability to add defenses is governed by Rule 15, Fed. R. Civ. P., not by any purported reservation of rights stated in the answer. This paragraph is will be stricken as legally insufficient.

<u>Ruling</u>

The motion to strike is **GRANTED** under Rule 12(f), Fed. R. Civ. P. The affirmative defenses alleged in the answer at ¶ 31 (at-will employee), at ¶ 38 (Faragher/Ellerth), and at ¶ 40 (reservation of right to add defenses), are hereby **STRICKEN**. The affirmative defense alleged in ¶ 33 (failure to exhaust administrative remedies) will be automatically **DEEMED STRICKEN** seven days

from the date of this order, absent the filing of an amended answer (or a motion for an extension of time to do so), which complies with the requirements set out in this order.

Dated this 13th day of December, 2012.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

12-0906p002.wpd