**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHERYL MCGEE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   **Case No. CIV-23-475-G** |
| | ) |
| RYAN WALTERS et al., | ) |
| | ) |
|     Defendants. | ) |

## <u>ORDER</u>

In this lawsuit, Plaintiff Cheryl McGee brings claims for wrongful and retaliatory termination in violation of the First Amendment, pursuant to 42 U.S.C. § 1983, against defendants Ryan Walters and Matt Langston, in their individual capacities. *See* Compl. (Doc. No. 1); Order of Aug. 12, 2024 (Doc. No. 32). Now before the Court is Plaintiff's Motion to Compel (Doc. No. 45), seeking to compel Defendant Walters ("Defendant") to provide certain discovery responses. Defendant has responded (Doc. Nos. 48, 49). Plaintiff has filed a Reply (Doc. No. 50).

   I.   *Relevant Standards*

      A.  *Applicable Discovery Rules*

Rule 26(b)(1) of the Federal Rules of Civil Procedure describes the general scope of permitted discovery, providing that:

> parties generally may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in

resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  "Generally, control of discovery is entrusted to the sound discretion of the trial courts." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1164 (10th Cir. 2010) (internal quotation marks omitted).

Rules 33, 34, and 36 authorize specific discovery methods: written interrogatories, requests for production of documents ("RFPs"), and requests for admissions ("RFAs").

- Rule 33 permits a party to serve written interrogatories upon any other party "relat[ing] to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." *Id.* R. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.* R. 33(b)(4).

- Rule 34 prescribes that a party may serve on any other party a request to produce, subject to the scope of Rule 26(b), "any designated documents" "in the responding party's possession, custody, or control." *Id.* R. 34(a)(1). The responding party must then either produce the documents or "state with specificity the grounds for objecting to the request, including the reasons." *Id.* R. 34(b)(2)(B).

- Rule 36 provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions

2

about either." *Id.* R. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." *Id.* R. 36(a)(3). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." *Id.* R. 36(a)(4). The grounds for any objection to a request "must be stated." *Id.* R. 36(a)(5).

### B. Relief Upon a Failure to Adequately Respond

Discovery under the Federal Rules of Civil Procedure is designed to proceed at the direction of the parties and without day-to-day involvement of the court. When a party of whom discovery is requested fails to adequately respond, the requesting party is obligated to "confer[] in good faith" with the responding party in "a sincere attempt to resolve differences." LCvR 37.1 (W.D. Okla.); *see also* Fed. R. Civ. P. 37(a)(1).

If that fails, a party challenging the sufficiency of an interrogatory answer or document production may move the court to compel complete answers or additional documents. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "Despite the liberal breadth of discovery allowed under the federal rules, the proponent of a motion to compel discovery still bears the initial burden of proving that the information sought is relevant." *Dotson v. Experian Info. Sols., Inc.*, No. CIV-17-575-D, 2019 WL 440588, at *5 (W.D. Okla. Feb. 4, 2019) (internal quotation marks omitted). The proponent must also show "that the opposing party's answers are incomplete." *Pendergraft v. Bd. of Regents of Okla. Colls.*, No. CIV-18-793-D, 2021 WL 5334209, at *1 (W.D. Okla. July 12, 2021) (internal

quotation marks omitted).

A party challenging the sufficiency of a response to a request for admission may

move the court, under Rule 36, "to determine the sufficiency of" the responding party's

answer or objection.  Fed. R. Civ. P. 36(a)(6).

> Unless the court finds an objection justified, it must order that an answer be
> served.  On finding that an answer does not comply with this rule, the court
> may order either that the matter is admitted or that an amended answer be
> served.

*Id.*[1]

    II.    *Discussion*

        A. *The Parties' Meet-and-Confer Obligation*

Defendant first argues that Plaintiff's Motion should be denied due to Plaintiff's

failure to engage in an informal conference with Defendant prior to seeking relief, as

required by Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 37.1.  *See* Def.'s

Resp. at 2, 6-8.  Having considered Plaintiff's specific representations regarding her efforts

---

[1] "Federal Rule of Civil Procedure 37 does not provide a mechanism by which parties may dispute responses to" RFAs.  *Thymes v. Verizon Wireless, Inc.*, No. CV-16-66, 2017 WL 4534838, at *4 (D.N.M. Feb. 9, 2017); *see* Fed. R. Civ. P. 37(a)(3)(B)(i)-(iv).  Rule 37 is not completely inapplicable, though, as it supplies a strong incentive for a party to consider the inefficiency and expense caused by any disingenuous response regarding the admissions sought.  Separately from the potential award of expenses incurred in moving to determine sufficiency under Rule 36(a)(6), Rule 37(c)(2) states that "[i]f a party fails to admit what is requested" on an RFA, and "the requesting party later proves a document to be genuine or the matter true," the requesting party may move for reasonable expenses, including attorney's fees, incurred in making that proof.  Fed. R. Civ. P. 37(c)(2); *cf. Salazar v. Bocanegra*, No. 12cv0053, 2012 WL 12903998, at *1 (D.N.M. July 27, 2012) (noting that the court cannot force a party to admit any fact in the case and that the requesting party's remedy lies in Rule 37(c)(2) if the fact is later found to be true).

to resolve this dispute without seeking the Court's intervention, the Court finds that Plaintiff has sufficiently complied.  *See* Pl.'s Mot. at 1-2; Pl.'s Reply at 2-3.

        *B.  Individual vs. Official Capacity*

        Plaintiff challenges the objection Defendant provided to each of Plaintiff's RFAs and to Plaintiff's Interrogatory Nos. 1-7, 13, and 14—to wit:

> Defendant objects to this request because it seeks information regarding the official operations of the Oklahoma State Department of Education but was directed to Defendant in his individual capacity.

Pl.'s Mot. at 3-5; *id.* Ex. 1 (Doc. No. 45-1) at 1-3, 5.

        Defendant, prudently, does not maintain this objection in his Response, instead attempting to reframe it as one based upon the assertion of qualified immunity (addressed below).  *See* Def.'s Resp. at 9.  As noted by Plaintiff, Defendant's potential liability in this action arises out of Defendant's alleged "conduct in misusing his official authority to violate Plaintiff's rights."  Pl.'s Mot. at 3; *see Haines v. Fisher*, 82 F.3d 1503, 1508 (10th Cir. 1996) ("The obvious purpose of § 1983 was to provide a remedy to parties deprived of constitutional rights by a state official's abuse of his position while acting under color of state law." (omission and internal quotation marks omitted)); Compl. ¶ 6 (alleging that Defendant is Superintendent of Public Instruction for the State of Oklahoma and "is the sole decision maker regarding the hiring and firing of employees in the Oklahoma Department of Education"); *id.* ¶¶ 8-18, 23-26.  That Plaintiff's claims are raised against Defendant in his individual capacity does not mean that Defendant's position at the Oklahoma Department of Education ("ODOE") is not implicated; it simply means that Plaintiff "need not establish a connection to governmental 'policy or custom'" and that

Defendant can be subject to personal liability on those claims. *Hafer v. Melo*, 502 U.S. 21, 25, 28 (1991); *see also id.* at 23 ("[S]tate officials sued in their individual capacities are 'persons' for purposes of § 1983."), 26 ("[T]he phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury.").

The cited objection is OVERRULED. Defendant shall provide amended answers to the RFAs and the relevant Interrogatories within 21 days of the date of this Order.

### C. Overburden and Overbreadth

Plaintiff next challenges Defendant's objection to each of Plaintiff's Interrogatory Nos. 8-11, which are "designed to find out the factual basis for [Defendant's] claimed affirmative defenses." Pl.'s Mot. at 5; *see id.* Ex. 1, at 4-5; Answer (Doc. No. 40) at 5 (raising eight separate affirmative defenses). For example, Plaintiff asked in regard to Defendant's affirmative defense of failure to mitigate damages:

> For your Affirmative Defense No. 5, set out specifically each fact which is the basis for this claim. Identify by name, job title, home address, personal cell phone number, and personal email address each person who is claimed to have material knowledge of any of these facts. Identify by date, description, and Bates number each document which is material to such defense.

Pl.'s Mot. Ex. 1, at 4. Defendant answered:

> Defendant objects to this request as overbroad and burdensome as stated. Without waiving the foregoing objection, Defendant reserves the right to supplement this response as discovery progresses.

*Id.*

In his Response, Defendant first argues that this objection is valid due to his assertion of qualified immunity. *See* Def.'s Resp. at 10-11. The Court rejects this argument as further discussed below.

Defendant also contends that Plaintiff's requests are overly broad and unduly burdensome because they require Defendant to provide a narrative account of his case. *See id.* at 11 (citing *Arnold v. City of Olathe*, No. 18-2703, 2020 WL 248935, at *2 (D. Kan. Jan. 16, 2020)). Having reviewed the requests, the Court disagrees. "[I]nterrogatories may properly ask for the principal or material facts supporting an allegation of defense." *Arnold*, 2020 WL 248935, at *2. "[E]ven those that ask for 'each and every fact' . . . are not unduly burdensome or overly broad if they are narrow in scope and do not seek every conceivable detail and fact concerning the entire case." *Id.* Defendant offers no reasoned basis upon which to find that answering these Interrogatories would be unduly time consuming or expensive, and "[n]o party may . . . simply delay answering interrogatories until . . . all facts are known and theories finalized." *Barker v. Bledsoe*, 85 F.R.D. 545, 548 (W.D. Okla. 1979).

Defendant's objection is OVERRULED. Defendant shall serve amended answers to Interrogatory Nos. 8, 9, 10, and 11 within 21 days of the date of this Order.

### D. Possession, Custody, or Control

Plaintiff challenges Defendant's objection, made in response to several of the RFPs, that the request improperly "seeks documents and information in the sole possession, custody, or control of the Oklahoma State Department of Education." Pl.'s Mot. Ex. 1, at

7

5-8 (Pl.'s RFP Nos. 1-6, 11-13).[2]  Plaintiff notes that Defendant did not state "whether any responsive materials are being withheld on the basis of that objection," as required by Rule 34.  Fed. R. Civ. P. 34(b)(2)(C).

Defendant asserts that, in order to resolve this and other aspects of the parties' discovery dispute, he informed Plaintiff that "he intended to serve discovery requests on [ODOE] for the information and documents sought" but that Plaintiff rejected this proposal.  Def.'s Resp. at 7.  Plaintiff argues that such nonparty discovery would be inadequate and untenable and that Defendant, who by statute has "control" and "direct[ion]" over the entirety of ODOE, cannot reasonably lack the authority to produce documents retained by that agency.  Okla. Stat. tit. 70, § 3-107.1; *see* Pl.'s Reply at 2-3. Defendant counters only that, if he had such possession and control, he "would not have intended to serve discovery requests" upon ODOE.  Def.'s Resp. at 10.

Defendant cites no authority endorsing this approach.  Control as used in Rule 34 "comprehends not only possession but also the right, authority, or ability to obtain the documents."  *Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 651 (D. Kan. 2004) (internal quotation marks omitted).  "Therefore, Rule 34 enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party if such party has retained any right or ability to influence the person in whose possession the documents lie."  *Id.* (internal quotation marks omitted).  Assuming the

---

[2] Defendant also objected to RFP Nos. 7-10, 15, and 16 on the grounds that "all responsive documents have been produced by Defendant or the [ODOE] in their motions to dismiss." Pl.'s Mot. Ex. 1, at 6-8.  ODOE was not and is not a party to this lawsuit, and no documents were attached to the motions to dismiss or replies thereto.  *See* Doc. Nos. 7, 9, 18, 19.

Commented [CG1]: Check quote.

requested documents are held by ODOE, it is unclear who, if not the State Superintendent of Public Instruction, would have the ability to produce them. *See* Okla. Stat. tit. 70, § 3-107.1(3), (4) (prescribing that the Superintendent shall "have control of the administration of" both ODOE and "any other supervisory agencies, . . . personnel[,] . . . and other operations necessary to carry out the powers, duties and functions of the State Superintendent and the State Board of Education" and shall "have general supervision of all employees of [ODOE]").

Accordingly, within 21 days of the date of this Order, Defendant shall provide Plaintiff with amended responses to RFP Nos. 1, 2, 3, 4, 5, 6, 11, 12, and 13. If Defendant continues to assert that he cannot produce documents and information due to a lack of possession, custody, or control, then Defendant shall also supply a sworn affidavit specifically supporting this assertion. *See Super Film of Am.*, 219 F.R.D. at 651. Any objection made must comply with Federal Rule of Civil Procedure 34(b)(2)(C).

### E. Assertion of Qualified Immunity

Although not cited as a basis for objection in Defendant's responses to Plaintiff's written discovery, Defendant now asserts that his assertion of qualified immunity "protects him from *any* discovery" in this matter. Def.'s Resp. at 2 (emphasis added); *see also id.* at 4-6.[3] Plaintiff counters that: (1) Defendant waived this objection by failing to raise it; (2) a stay of discovery has not been requested or granted; and (3) even if discovery were limited

---

[3] "Qualified immunity protects officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (internal quotation marks omitted).

to issues implicated by this defense, Plaintiff would still need to propound discovery relevant to that defense.  *See* Pl.'s Mot. at 4-5, 8; Pl.'s Reply at 3-9.

Defendant previously sought dismissal of Plaintiff's individual-capacity claims on the basis of qualified immunity.  The Court denied dismissal, concluding that Plaintiff's allegations made out the violation of a clearly established First Amendment right.  *See* Order of Aug. 12, 2024, at 13.  The Court's Order noted that Defendant was not foreclosed from reasserting his entitlement to qualified immunity on a motion for summary judgment. *See id.* at 13 n.2.  Defendant did not seek an interlocutory appeal.

While Defendant retains the option to invoke qualified immunity as a defense to liability, he has waived reliance on such qualified immunity as an objection to the particular discovery requests at issue.  *See, e.g.*, Fed. R. Civ. P. 33(b)(4) ("Any ground [for objecting to an interrogatory] not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); Jt. Status Report (Doc. No. 43) (citing Defendant's assertion that he is protected from "liability" due to qualified immunity with no mention of corresponding protection from discovery).  Defendant has not requested a stay of discovery on the basis of qualified immunity.  Nor has Defendant sought the entry of a protective order to place limitations upon discovery pursuant to Rule 37(c).  Accordingly, Defendant shall engage in the discovery process as contemplated by the relevant Federal Rules.[4]

---

[4] In any event, much of Plaintiff's propounded discovery appears relevant to Defendant's "fact-specific qualified immunity claim."  *Maxey ex rel. Maxey v. Fulton*, 890 F.2d 279, 283 (10th Cir. 1989).

10

CONCLUSION

As outlined herein, Plaintiff's Motion to Compel (Doc. No. 45) is GRANTED.

The Court DECLINES to award expenses in these circumstances.

Plaintiff's Motion to Strike/Extend Pretrial Deadlines (Doc. No. 55) is GRANTED

insofar as the Court will enter an amended scheduling order concurrently with this Order.

Plaintiff's Motion to Supplement (Doc. No. 58) is DENIED AS MOOT.

IT IS SO ORDERED this 12th day of May, 2025.

CHARLES B. GOODWIN
United States District Judge